Elena **MELKONIAN**, Petitioner,

v.

John **ASHCROFT**, Attorney General,* Respondent.

No. 02–74042, A70–956–038.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.**

Decided Aug. 13, 2004.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the

proper respondent. The Clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**614**

Elena Melkonian, Pacoima, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Elise M. Faber, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Elena Melkonian, a native and citizen of Russia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.

*** This disposition is not appropriate for publication and may not be cited to or by the

Melkonian's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–50 (9th Cir.2003).

Substantial evidence supports the IJ's determination that Melkonian failed to establish persecution on account of being Jewish, in light of the documentary evidence and Melkonian's own admissions regarding the economic difficulties facing Armenia. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (stating that the fact that the petitioner was fired from her job as a kindergarten teacher because of her religious beliefs, while discriminatory, is not the type of economic deprivation that rises to the level of persecution); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (holding that criminal attacks and robberies petitioner suffered did not rise to level of persecution).

By failing to qualify for asylum, Melkonian necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.